**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 17-21594-JGR |
| Walter Charnoff | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE**
**ADEQUACY OF THE DEBTOR'S DISCLOSURE STATEMENT**

The United States Trustee ("UST"), by and through his undersigned counsel, hereby objects to the adequacy of the Disclosure Statement to Accompany Plan of Reorganization Dated April 20, 2018 (the "Disclosure Statement").  The UST states and alleges as follows:

1. Walter Charnoff (the "Debtor") filed his voluntary petition for relief under chapter 11 of title 11, United States Code, on December 22, 2017.

2. A committee of unsecured creditors (the "UCC") was not appointed in Debtor's bankruptcy case and the Debtor continues to remain a Debtor-in-Possession.

3. On May 7, 2018, the Debtor filed his Disclosure Statement to accompany his Plan of Reorganization Dated April 20, 2018 (the "Plan") [the Plan is found at Docket No. 27].

4. The UST objects to approval of Debtor's Disclosure Statement because it does not provide adequate information as required under 11 U.S.C. §1125(a).  See *Hall v. Vance*, 887 F.2d 1041 (10th Cir. 1989).

5. Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the Plan.  This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records.  *In re Aspen Limousine Service, Inc*., 193 B.R. 325 (D. Colo. 1996).  Case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc*., 39 B.R. 567 (Bankr.N.D.Ga.1984); and *In re Stanley Hotel, Inc*., 13 B.R. 926 (Bankr.D. Colo.1981).

6. The Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan as required by 11 U.S.C. § 1125 for the following reasons:

> A. The Disclosure Statement did not include Exhibit B, Projections.  The Disclosure Statement should include financial projections and financial statements.  The financial projections should provide, for each period in which a Plan payment is made, an estimated beginning cash balance, receipts, disbursements and ending cash balance. The Debtor should explain the material assumptions concerning the financial

1

projections. The financial projections should discuss Debtor's monthly income and expenses and list the classes by number and the estimated amount to be paid to each class.

B. The Disclosure Statement should provide an analysis of Debtor's disposable income and address whether the Plan complies with § 1129(a)(15).

C. The Disclosure Statement fails to provide an adequate and current discussion of the entities in which the Debtors hold a substantial or controlling interest. The last Periodic Report required by Bankruptcy Rule 2015.3 was filed on March 31, 2018, however, the information in the report is dated February 28, 2018. The information contained in the Disclosure Statement should be updated so creditors can determine a recent valuation of the assets and entities prior to confirmation. Fed.R.Bankr.P. 2015.3(b) contemplates a periodic report to be filed every six months, resulting in the next Period Report to be filed by the Debtor must occur in August of 2018.

D. The Disclosure Statement's Liquidation Analysis is insufficient. The Debtor should provide: (1) a numeric liquidation analysis in tabular format; (2) a comparison of what creditors would receive under the Plan of reorganization and under a hypothetical chapter 7 liquidation; (3) an estimate of the chapter 7 administrative costs; (4) a summary of claim amounts (by class); (5) a list of assets and their liquidation values; (6) distribution amounts by class; (7) assumptions underlying the analysis; and (8) estimates for any deficiency claims filed by secured creditors, if any.

E. The Disclosure Statement should update Class 2 on page 18 to disclose whether or not the closing occurred on May 11, 2018, and revise the Class and Plan appropriately.

F. Debtor's proposed interest rate to Class 4 claims of 3% should be explained in the context of how it meets the appropriate "market" rate of interest. *See* present value requirement under § 1129(b)(2)(B)(i). [Four approaches to determining the appropriate interest rate are typically used: (1) the formula rate; (2) the coerced loan rate; (3) the presumptive contract rate; and (4) the cost of funds rate. *See Till v. SCS Credit Corp. (In re Till), 541 U.S. 465, 477 (2004).* The formula rate which was adopted by the Supreme Court in *Till* was in the context of a chapter 13 case and provides that a "prime-plus" rate that accounts for risk of nonpayment is the appropriate method for determining an adequate interest rate on a cram down loan. *Id.* at 478-479. Courts that follow the *Till* approach typically calculate interest in a range of 1% to 3% above the prime rate. *See In re Rocky Mountain Land Company, LLC*, 2014 WL 1338292 at *8 (Bankr. D. Colo. 2014)]. The current WSJ prime rate is 4.75%.

G. Debtor should discuss whether dismissal of his bankruptcy case is in the best interest of creditors since he believes he is solvent and state court venues for his current litigation are available or already exist.

H. The Disclosure Statement should identify all known executory contracts and unexpired leases and identify those that will be rejected. The Disclosure Statement should

      provide an estimate of potential claims from the rejection of executory contracts and unexpired leases.

    I. The Disclosure Statement does not contain adequate information to determine what the administrative claims will be on or prior to the effective date.

    J. Page 13, second paragraph, contains amounts characterized as "needed," which should be corrected/updated.

    K. Page 15, paragraph C, refers to a "Class 8" which should be corrected.

    L. The Disclosure Statement should provide an update of the Ladd litigation.

7. The UST reserves the right to supplement this objection to the Disclosure Statement as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further review and factual discovery

    WHEREFORE, the United States Trustee requests that the Court deny approval of the Debtor's Disclosure Statement and for such other relief as the Court deems appropriate.

Dated: June 13, 2018                                   Respectfully submitted,

                                                              PATRICK S. LAYNG
                                                              UNITED STATES TRUSTEE

                                                              /s/ Paul V. Moss
                                                              By: Paul V. Moss, #26903
                                                              Trial Attorney for the U.S. Trustee
                                                              Byron G. Rogers Federal Building
                                                              1961 Stout Street, Suite 12-200
                                                              Denver, Colorado 80294
                                                              (303) 312-7995 telephone
                                                              (303) 312-7259 facsimile
                                                              Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on the 13th day of June 2018, that a copy of **UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF THE DEBTOR'S DISCLOSURE STATEMENT** was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Attorney Lee M. Kutner; via CM/ECF
- Attorney Keri Riley; via CM/ECF
- Attorney John F. Young; via CM/ECF
- Attorney Matthew T. Faga; via CM/ECF
- Attorney Ian T. Hicks; via CM/ECF
- Attorney Brandan Montminy; via CM/ECF
- Attorney Carl C. Scherz; via CM/ECF
- Attorney Berry D. Spears; via CM/ECF
- Attorney Joseph Unis; via CM/ECF

Walter Charnoff
6950 Rabbit Mountain Road
Longmont, CO 80503
(via U.S. first class mail)

/s/ Paul Moss
Office of the United States Trustee